Porter, J.
The petition alleges, that the plaintiffs sold to one William Duncan, in his lifetime, 180 merino and common sheep, for the sum of $700, who executed his promissory note for the same, to Margaret Dunn, payable in four months from the 17th of February, 1820, and that the said Duncan has since deceased, leaving the present defendants, his heirs, who have accepted the succession with the benefit of an inventory.
It also contains an averment, that the objects sold, or a large portion of them, are yet in the hands of the defendants, and that the petitioners have a lien on them. Judgment is *672 asked for the said sum of $700, and that the sheep in possession of the heirs, be seized and sold to satiety the privilege which, as vendors, the plaintiffs preserved on them.
East'n District.
Feb. 1822.
The answer denied generally the allegations contained in the petition, and prayed time for the heirs to ascertain if the estate of their father was solvent or not.
The cause was submitted to a jury, who found the following verdict: — " We find for the plaintiffs, the amount of the note marked D. but no privilege on the flock of sheep.”
Judgment was rendered by the court, in pursuance to the verdict. The plaintiffs appealed, and now insist, that the proof given on the trial clearly establishes the lien on the property sold.
The note referred to by the jury, in their finding, is in the following words : “ Four months after date, I promise to pay to Mrs. M. Dunn, or order, seven hundred dollars, for value received.
(Signed) Wm. Duncan.”
Feb. 7th, 1820.
As the consideration for which this obligation was executed, is not mentioned in the instrument itself, the plaintiffs have endea *673 voured to establish, by verbal evidence, that it was given for the property mentioned in the petition.
On this point it is proved, that the ancestor of the defendants declared, that he had bought a flock of sheep from Dunn, but that he did not tell the witness he gave his note for them; that there was about 150 of them, and that the sheep inventoried, as forming a part of Duncan’s estate, w ere the same that was purchased by William Duncan, from Mr. Dunn; they had always remained in possession of William Duncan, from the time he bought them until they were seized by the sheriff.
Another witness proved, that Mr. Dunn, had in the year 1819, a very large flock of sheep, and that they were healthy and fine looking.
There is nothing in this evidence which proves that the note given to Mrs. Dunn, was in consideration of the sheep sold by her husband; some presumption perhaps is raised that this is the fact, but much stronger proof should be offered to authorise us to disturb the verdict of the jury.
I therefore think that the judgment of *674 the district court should be affirmed with costs.
Turner and Carleton for the plaintiffs, Duncan for the defendants.